FILED

JUL 27 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

AUG 2 1 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-30306 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-04-00070-a-RRB |
| v. | |
| DETRICH COVINGTON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted July 25, 2006**
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

Detrich Covington appeals his 108-month sentence for conspiracy to distribute and to possess with intent to distribute controlled substances, in

---

\*      This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*      This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and aiding and abetting money laundering, in violation of 18 U.S.C. § 1956.

Covington waived his right to appeal. Because the waiver is both valid and enforceable, we cannot decide the merits of the issues Covington raises. *See United States v. Jeronimo*, 398 F.3d 1149, 1152-53 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 198 (Oct. 3, 2005).

Covington's appeal is not outside the scope of the waiver. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). The plea agreement provides that "if the court . . . imposes a sentence consistent with [the] terms [of the plea agreement] . . . and which does not exceed the [applicable] statutory maximum penalties, [Covington] will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence the court imposes." The district court sentenced Covington to 108 months imprisonment, well below the statutory maximum penalty of forty years available for the crimes to which he confessed in the plea agreement. Further, the plea agreement specifically recognizes that either party can argue for an advisory guidelines range other than the estimated range in the plea agreement.

Nor is Covington's appeal waiver invalid. An assertion that the district court applied the wrong standard of proof in finding sentence-enhancing facts

does not invalidate an otherwise enforceable appeal waiver. *United States v. Smith*, 389 F.3d 944, 953 (9th Cir. 2004), *cert. denied*, 544 U.S. 956 (2005). Also, Covington does not have a colorable constitutional claim that the district court should have used the "beyond a reasonable doubt" standard, in light of *United States v. Kilby*, 443 F.3d 1135, 1140-41 (9th Cir. 2006), so the premise for his invalidity claim fails.

**DISMISSED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 18 2006

by:
Deputy Clerk